UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-2769-CAS (KK) | Date: | April 6, 2021 |
|---|---|---|---|
| Title: | *Ryan James Johnson v. B. Cates* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order to Show Cause Why This Action Should Not Be Dismissed for Failure to State a Cognizable Habeas Claim

## I.
## INTRODUCTION

On March 17, 2021, Petitioner Ryan James Johnson ("Johnson"), an inmate at California Correctional Institution in Tehachapi, California, constructively filed[1] a pro se Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 ("Section 2254"). ECF Docket No. ("Dkt.") 1. Johnson sets forth one ground for habeas relief: "[Johnson's] 14th Amendment right to the equal protection of law was violated under Rinaldi v. Yeager[,] 384 U.S. 305, when the legislature neglected to include the reform of vicarious accomplice liability for provocative act murder within the resentencing provisions of penal code section 1170.95(a)(1)." Id. at 4, 20. As discussed below, the Court orders Johnson to show cause why the Petition should not be dismissed for failure to state a cognizable habeas claim.

///
///
///
///
///

---

[1]   Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

# II.
# PROCEDURAL HISTORY

On July 20, 2011, Johnson was convicted in San Luis Obispo County Superior Court for (1) first degree murder in violation of sections 187(a) and 189 of the California Penal Code; (2) first degree residential burglary in violation of sections 459 and 460(a) of the California Penal Code; (3) conspiracy to commit robbery in violation of sections 182(a)(1) and 211 of the California Penal Code; and (4) two counts of first degree residential robbery in violation of sections 211 and 212.5(a) of the California Penal Code.  Id. at 2, 18, 65.  The jury also found true a firearm enhancements allegation within the meaning of section 12022(a)(1) of the California Penal Code.  Id.

On May 8, 2012, Johnson appealed his conviction to the California Court of Appeal in case no. B241044.  Docket (Register of Actions), JUDICIAL COUNCIL OF CALIFORNIA, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2013416&doc_no=B241044&request_token=NiIwLSEmTkw7WzBFSCMtWE5IUEQ6USxTJyJORz5SMCAgCg%3D%3D (last updated April 5, 2021 4:13 PM).  On November 19, 2013, the California Court of Appeal affirmed the conviction.  Id.; dkt. 1 at 19, 55.

In approximately February 2019,[2] Johnson filed a petition to vacate his first degree murder conviction and obtain resentencing pursuant to section 1170.95 of the California Penal Code in San Luis Obispo County Superior Court in case no. F435613002.  See dkt. 1 at 54, 63-64.  On an unspecified date, the superior court denied the petition.  Id. at 4, 19, 64.

On July 10, 2019, Johnson appealed the denial of his petition to the California Court of Appeal in case no. B299044.  Id. at 2, 63-79; Case Summary, JUDICIAL COUNCIL OF CALIFORNIA, https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?doc_id=2291799&request_token=NiIwLSEmTkw7WzBZSCI9WE9IMEQ6USxTKiBORz5SMCAgCg%3D%3D&start=1&doc_no=B299044&dist=2&search=number (last updated April 5, 2021 at 4:13 PM).  On November 9, 2020, the California Court of Appeal affirmed the superior court's denial, finding Johnson was "ineligible for relief pursuant to section 1170.95 [of the California Penal Code.]"  Dkt. 1 at 63, 79.

On December 18, 2020, Johnson filed a petition for review in the California Supreme Court in case no. S266188.  Id. at 3; Docket (Register of Actions), JUDICIAL COUNCIL OF CALIFORNIA, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2337156&doc_no=S266188&request_token=NiIwLSEmTkw7WzBZSCI9XE5IUFA0UDxTJSM%2BQzJRMCAgCg%3D%3D (last updated April 5, 2021 at 4:13 PM).  On February 17, 2021, the California Supreme Court denied the petition for review.  Id.

On March 17, 2021, Johnson constructively filed the instant Petition pursuant to Section 2254.  Dkt. 1.

---

[2]  Johnson appears to state that he filed a petition pursuant to section 1170.95 of the California Penal Code in the San Luis Obispo County Superior Court on February 6, 2020.  Dkt. 1 at 3-4.  The date, however, appears to be erroneous, as the government filed a response to Johnson's petition on February 27, 2019.  Id. at 62.

## III.
## THE PETITION IS SUBJECT TO DISMISSAL FOR FAILURE TO STATE A CLAIM

**A.     Applicable Law**

A district court may entertain a petition for writ of habeas corpus filed by a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 68 (1991). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in" an action pursuant to 42 U.S.C. § 1983 ("Section 1983"). Muhammad v. Close, 540 U.S. 749, 750 (2004) (citation omitted). Thus, "when a prisoner's claim would not necessarily spell speedier release, that claim does not lie at the core of habeas corpus and may be brought, if at all, under [Section] 1983." Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011) (internal citation and quotation marks omitted); see also Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (holding a Section 1983 action "is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus").

Matters relating to state sentencing are governed by state law and generally are not cognizable on federal habeas review. See Sturm v. Cal. Adult Auth., 395 F.2d 446, 448 (9th Cir. 1967) (observing that "a state court's interpretation of its [sentencing] statute does not raise a federal question"). To state a cognizable federal habeas claim based on a claimed state sentencing error, a petitioner must show that the error was "so arbitrary or capricious as to constitute an independent due process" violation. Richmond v. Lewis, 506 U.S. 40, 50 (1992).

**B.     Analysis**

Here, the Petition appears to seek federal habeas relief on the ground Johnson is entitled to a modified sentence pursuant to section 1170.95 of the California Penal Code. See dkt. 1 at 4. More specifically, Johnson's "Fourteenth Amendment right to [] equal protection" claim appears to contest the California Court of Appeal's conclusion that Johnson was "ineligible for relief pursuant to section 1170.95 because [he] was convicted of provocative act murder, not 'felony murder or murder under a natural probable consequences theory.'" Id. at 4, 79 (citation omitted).

Johnson's sole claim in the Petition, therefore, appears to involve only the application of a state sentencing law and does not give rise to a federal question cognizable on federal habeas review. See Carter v. Koenig, No. CV 19-8954 PSG (SS), 2019 WL 6331375, at *5 (C.D. Cal. Oct. 30, 2019), report and recommendation adopted, No. CV 19-8954 PSG (SS), 2019 WL 6330638 (C.D. Cal. Nov. 22, 2019) (finding several claims did not give rise to a federal question cognizable on federal habeas review where petitioner sought relief on the ground he was entitled to a modified sentence pursuant to section 1170.95 of the California Penal Code). The fact that Johnson has purported to characterize the San Luis Obispo County Superior Court's denial of Johnson's petition to vacate as a violation of his federal constitutional rights, namely his Fourteenth Amendment right to equal protection, is insufficient to render his claim cognizable on federal habeas review. See e.g., Cooper v. Sup. Ct. of Cal., No. CV 14-134-CAS (CW), 2014 WL 198708, at *2 (C.D. Cal. Jan. 16, 2014) ("This court is bound by the state court's conclusion that Petitioner is ineligible for resentencing under the new law, and Petitioner's cursory invocation of the due process clause does not transform what is clearly a state law claim into a federal one").

Moreover, because the California Court of Appeal determined Johnson was "ineligible for relief pursuant to section 1170.95," dkt. 1 at 79, this Court is bound by the California Court of Appeal's interpretation and application of state law. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus." (citing Estelle, 502 U.S. at 67-68; Mullaney v. Wilbur, 421 U.S. 684, 691 (1975)). Johnson has also failed to cite to anything in the record or elsewhere to demonstrate the San Luis Obispo County Superior Court's denial of Johnson's petition to vacate his murder conviction and seek resentencing pursuant to section 1170.95 of the California Penal Code was "so arbitrary or capricious as to constitute an independent due process or Eighth Amendment" violation. See Richmond, 506 U.S. at 50 (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1992)).

The Petition, thus, fails to state a cognizable claim and appears subject to dismissal.

## IV.
## ORDER

For the above reasons, the Petition appears subject to dismissal. Johnson is therefore ORDERED TO SHOW CAUSE why the Court should not dismiss the Petition for failure to state a cognizable claim. Johnson's response to this Order must be received **no later than April 27, 2021**. Johnson must respond to this Order by choosing one of the following options:

1. Option One: Johnson may file a written response explaining why Johnson's claims are cognizable on habeas review. If Johnson contends his claim is cognizable on habeas review, Johnson must explain and attach any supporting documents.

2. Option Two: Johnson may file a First Amended Petition curing the above referenced deficiencies. The First Amended Petition shall be complete in itself. It shall not refer in any manner to the original Petition. In other words, Johnson must start over when preparing the First Amended Petition. If Johnson chooses to file a First Amended Petition, he must clearly designate on the face of the document that it is the "First Amended Petition," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.

3. Option Three: Johnson may voluntarily dismiss this action without prejudice. Johnson may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). The Clerk of Court has attached a Notice of Dismissal form. The Court, however, warns any dismissed claims may be later subject to the statute of limitations, because "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

**The Court expressly warns Johnson that failure to timely file a response to this Order will result in the Court dismissing this action with prejudice for his failure to state a cognizable habeas claim and/or for his failure to comply with court orders and failure to prosecute.** See FED. R. CIV. P. 41(b).

<u>The Clerk of Court is directed to serve a copy of this Order on Johnson at his current address of record and provide Johnson with a blank form Petition for his use in filing a First Amended Petition.</u>

**IT IS SO ORDERED.**